```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
WINFERD B.                    :    Civ. No. 3:20CV00306(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL          :
SECURITY ADMINISTRATION       :    June 4, 2021
                              :
------------------------------x
```

## ORDER AWARDING PLAINTIFF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff Winferd B. ("plaintiff") filed concurrent applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 18, 2017, alleging disability beginning on January 1, 1999. See Certified Transcript of the Administrative Record, Doc. #15, compiled on July 1, 2020, (hereinafter "Tr.") at 363-74. Plaintiff's applications were denied initially on September 28, 2017, see Tr. 228-29, and upon reconsideration on January 29, 2018. See Tr. 264-65. Prior to the administrative hearing, plaintiff withdrew his claim for DIB and amended his alleged disability onset date to March 31, 2017. See Tr. 119.

On December 6, 2018, Administrative Law Judge Eskunder Boyd held a hearing at which plaintiff appeared with attorney Mark Weaver and testified. See Tr. 114-61. On December 20, 2018, ALJ Boyd issued an unfavorable ruling. See Tr. 16-37. On January 30,

1

2020, the Appeals Council denied review, thereby rendering ALJ Boyd's decision the final decision of the Commissioner. See Tr. 1-7. Plaintiff, represented by Attorney Olia Yelner, timely appealed that decision to this Court on March 9, 2020. See Doc. #1.

On March 2, 2021, the undersigned granted plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. #17), and remanded the case for further administrative proceedings. See Doc. #23. Judgment entered for plaintiff on March 3, 2021. See Doc. #24.

On May 24, 2021, plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), requesting an award of $9,115.20. See Doc. #25. In the Motion, plaintiff stated that he "sought a stipulated agreement with Defendant's attorney, but none has been reached yet." Id. at 1. Plaintiff attached to the Motion an itemization of the hours plaintiff's counsel spent prosecuting the case. See Doc. #25-1.

On June 2, 2021, plaintiff filed a joint Stipulation for Allowance of Fees Under the EAJA (hereinafter the "Fee Stipulation"), agreeing that the Commissioner should pay fees in the amount of $8,675.00. See Doc. #26. Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court

2

rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed plaintiff's itemization of hours incurred to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Fee Stipulation [**Doc. #26**], and **GRANTS**, **in part**, plaintiff's Motion for Attorney's Fees [**Doc. #25**], for the stipulated amount of **$8,675.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter,

3

this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In the itemization of the hours incurred in prosecuting this matter, plaintiff's attorney asserts that she performed 43.2 hours of work. See Doc. #25-1 at 1-2. The parties have reached an agreement under which defendant would pay a total of $8,675.00 in fees. See Doc. #26. For 43.2 hours, this amounts to an hourly rate of $201.00. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

4

trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court having partially granted plaintiff's Motion to Reverse the Decision of the Commissioner and having ordered a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C.

---

[2] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). Thus, in this case, the 30-day EAJA clock began to run on May 3, 2021, 60 days after judgment for plaintiff entered. Plaintiff timely filed his motion on May 24, 2021. See Doc. #25.

§2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 43.2 hours of attorney time. See Doc. #25-1 at 2. The administrative transcript in this case was comprised of a substantial 2,841 pages. See Doc. #15. Because counsel did not represent plaintiff during the administrative proceedings, additional time would have been required for counsel to become familiar with the voluminous record. The Court finds 43.2 hours reasonable for the work claimed, including: review of the administrative transcript [Doc. #15]; preparation of plaintiff's Medical Chronology [Doc. #19]; and preparation of the Motion to Reverse the Decision of the Commissioner [Doc. #17]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (citations and quotation marks omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). While "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute[,]"

6

Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations and quotation marks omitted), "the twenty to forty hours estimate is an 'average,' which indicates that some cases may require [fewer] hours and some cases may require more hours." Bathrick v. Astrue, No. 3:11CV00101(VLB), 2015 WL 3870268, at *4 (D. Conn. June 23, 2015). Here, the Court finds that finds that the 43.2 hours claimed is reasonable, particularly considering the length of the transcript in this case. Cf. Poulin, 2012 WL 264579, at *3 (reducing the number of hours from 44.25 to 38.25 where "the transcript was 'merely' 435 pages"); Wks. v. Colvin, No. 3:13CV00232(JCH)(HBF), 2015 WL 1395907, at *5 (D. Conn. Mar. 25, 2015), objections overruled, 2015 WL 3453358 (reducing the number of hours from 69.1 hours to 40.3 hours where the "administrative record totaled 609 pages").

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$8,675.00** in fees is appropriate.

Accordingly, the Court **APPROVES and SO ORDERS** the parties' Fee Stipulation [**Doc. #26**], and **GRANTS, in part**, plaintiff's Motion for Attorney's Fees [**Doc. #25**], for the stipulated amount of **$8,675.00**.

7

SO ORDERED at New Haven, Connecticut this 4th day of June, 2021.

/s/
Hon. Sarah A. L. Merriam
United States Magistrate Judge